**Claude BENBOE, D. E. Smith and Johnson Bonding Co., Inc., Plaintiffs-Appellants,**

v.

**Julian M. CARROLL, as Governor of the Commonwealth of Kentucky, et al., Defendants-Appellees.**

No. 78–3194.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1980.

Decided May 8, 1980.

Samuel Manly, Reisz, Blackburn, Manly & Treitz, John J. Davis, III, Louisville, Ky., for plaintiffs-appellants.

C. Gibson Downing, Lyle G. Robey, Stoll, Keenon & Park, Harry B. Miller, Jr., Miller, Griffin & Marks, Lexington, Ky., for defendants-appellees.

Before EDWARDS, Chief Judge, and WEICK and KENNEDY, Circuit Judges.

PER CURIAM.

This case is an appeal from an action brought before Judge Charles Allen in the United States District Court for the Western District of Kentucky. Plaintiffs, who were professional bail bondsmen in Kentucky prior to July 6, 1976, entered still another challenge before Judge Allen to the constitutionality of Ky.Rev.Stat. § 431.510 et seq. by which statute the State of Kentucky abolished the commercial bail bond system in Kentucky, substituting therefor a state system for the furnishing of bail bonds and making it unlawful for anyone other than those authorized by the statute to furnish bail bonds or property as a bond.

This is the fifth such effort on the part of Kentucky bail bondsmen and every issue except one sought to be presented here has been presented and finally disposed of by judgments in the Supreme Court of Kentucky and the United States District Court for the Western District of Kentucky prior to the decision of this case. *See Stephens v. Bonding Association of Kentucky*, 538 S.W.2d 580 (Ky.1976), and *Johnson Bonding Co., Inc. v. Commonwealth of Kentucky*, 420 F.Supp. 331 (E.D.Ky.1976). The issue not presented in prior litigation concerns appellants' contention that the legislation attacked here is a Bill of Attainder.

For the reasons effectively spelled out by Judge Allen in his memorandum opinion, dated June 15, 1977, we agree that this contention has no constitutional merit. The judgment of the District Court is, in all respects, affirmed on the reasoning of said memorandum opinion.